# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SEVENTY-NINE THOUSAND DOLLARS
($79,000) IN UNITED STATES CURRENCY,

       Defendants *in rem*,
_____/

Civil No.
Honorable
Magistrate

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan, and JULIE A. BECK, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

### JURISDICTION AND VENUE

1.    This is an *in rem* civil forfeiture action pursuant to 31 U.S.C. §§ 5317(c) and 5332(c) resulting from violations of 31 U.S.C. §§ 5316(a)(1)(B) and 5332.

2.    This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3.    This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a

substantial part of the events or omissions giving rise to the Government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b) as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consist of Seventy-Nine Thousand Dollars ($79,000) in United States Currency.

7. The Defendant, Seventy-Nine Thousand Dollars ($79,000) in United States Currency, was seized on or about June 11, 2009 by agents of the Department of Homeland Security, Customs and Border Protection (CBP), during an outbound inspection at the Detroit Metropolitan Airport for a flight bound for Shanghai, China.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 31, United States Code, Section 5317(c)(2) governs the civil forfeiture of property which constitutes property involved in the commission of a violation of 31 U.S.C. § 5316 – Reports on Exporting and Importing Monetary Instruments (CMIR violation). It provides, in relevant part:

> Any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.

9. Title 31, United States Code, Section 5332, governs the civil forfeiture of property which constitutes property involved in violations of 31 U.S.C. § 5332 – Bulk Cash Smuggling. Subsection (c) provides as follows:

**(c) Civil forfeiture.--**

(1) **In general**.--Any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.

(2) **Procedure.**--The seizure and forfeiture shall be governed by the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.

(3) **Treatment of certain property as involved in the offense.**--For purposes of this subsection and subsection (b), any currency or other monetary instrument that is concealed or intended to be concealed in violation of subsection (a) or a conspiracy to commit such violation, any article, container, or conveyance used, or intended to be used, to conceal or transport the currency or other monetary instrument, and any other property used, or intended to be used, to facilitate the offense, shall be considered property involved in the offense.

## FACTUAL BASIS FOR CIVIL FORFEITURE

10.  There is evidence that the Defendant *in rem* was involved in a violation of 31 U.S.C. §§ 5316 and 5332. The facts supporting this determination include, but are not limited to, the following:

   a.  On June 11, 2009, Customs and Border Protection (CBP) officials selected an outbound flight, Northwest Flight 89, from the Detroit Metropolitan Airport (Airport) to Shanghai, China, for inspection.

   b.  Bi Xin Liu, a lawful permanent resident of the United States, was selected for an outbound enforcement examination.

   c.  The CBP official explained the monetary instruments reporting requirements to Liu. The CBP official further explained that if she were carrying any monetary instruments on behalf of another person, she must also report it.

   d.  Liu was offered a currency reporting form written in Chinese. She declined the

Chinese-language form.

  e. Liu signed a declaration form stating she was transporting Nine Thousand Dollars ($9,000) in U.S. Currency out of the United States.

  f. Liu was asked to produce the reported currency. She produced a zip-lock baggie from her purse with currency in it. She was directed to, and did, produce her purse for inspection.

  g. CBP officials found two additional zip-lock baggies inside of a make-up pouch containing Ten Thousand Dollars ($10,000) in U.S. Currency.

  h. CBP officials also searched Liu's diaper bag in which there were six additional zip-lock baggies, each with Ten Thousand Dollars ($10,000) inside. The baggies were wrapped in diapers.

  I. A total of Seventy-Nine Thousand Three Hundred Seventeen Dollars ($79,317) in U.S. Currency was found. Three Hundred Seventeen Dollars ($317) was returned to her at that time for humanitarian reasons.

  j. A Customs Enforcement Agent (ICE) conducted further investigation. Liu admitted, through a telephone interpreter, that someone instructed her to inform CBP she was carrying less than $10,000 and to hide the rest of the currency.

## CLAIM

11. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above, including the subparagraphs thereunder.

12. The Defendant *in rem*, Seventy-Nine Thousand Dollars ($79,000) in United States Currency is subject to forfeiture to the United States of America pursuant to 31 U.S.C. §§ 5317

and 5332 because the Defendant *in rem* was involved in violations of 31 U.S.C. §§ 5316 and 5332.

## DEMAND FOR JURY TRIAL

Plaintiff United States of America respectfully requests a trial by jury in this case.

## RELIEF

Plaintiff, United States of America, respectfully requests that a warrant for arrest of the Defendant *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                        Respectfully submitted,

                                        BARBARA L. McQUADE
                                        United States Attorney

                                        s/JULIE A. BECK
                                        JULIE A. BECK
                                        Assistant United States Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI 48226-3211
                                        (313) 226-9717
                                        julie.beck@usdoj.gov
Dated: February 3, 2011                     P53291